**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CARL E. AKELEY,                    )
        Plaintiff/Petitioner,    )
                   )
      v.                          )          **CIVIL ACTION NO. 10-40180-TSH**
                   )
COMMONWEALTH OF            )
MASSACHUSETTS, ET AL.,     )
        Defendants/Respondents.  )

**REPORT AND RECOMMENDATION**

HILLMAN, M.J.

**I.     Introduction**

On September 10, 2010, Plaintiff/Petitioner Carl E. Akeley ("Akeley"), a pretrial

detainee at the Worcester County Jail and House of Correction in West Boylston, Massachusetts,

filed a self-prepared three-page document (with the assistance of a co-inmate) entitled, *"Petition*

*for Writ of Habeas Corpus 'In Assylum State Mass.' (This Petition is filed collaterally to the*

*Criminal Docket no: 1065CR000997"* along with supporting exhibits.[1]  The pleading names as

Respondents the Commonwealth of Massachusetts and the State of Ohio, as well as unnamed

governors, "et al."  Along with these documents, Akeley filed a letter to the District Court Clerk

indicating that his petition for writ of habeas corpus was also intended to be filed as a new civil

action.[2]

---

[1]These exhibits include a Notice of Assignment of Counsel in the Uxbridge District Court, and
copies of boilerplate discussions of law from treatises and rules of Court concerning, *inter alia*,
the Interstate Agreement on Detainers (with handwritten notations and/or highlights); Criminal
Proceedings in Escape cases; Fugitive From State, Territory or Districts;  Extradition
proceedings; and Removal proceedings.

[2]The face of the petition indicates this action was filed pursuant to 28 U.S.C. § 2241; however,
because Akeley is a state prisoner, the action was opened by the Clerk's Office as a petition
pursuant to 28 U.S.C. § 2254.  For purposes of this Report and Recommendation, this Court need

Akeley's submissions are not entirely coherent.  From what can be gleaned, he contends that in August 2010, he was arrested in Massachusetts as a fugitive from the State of Ohio, pursuant to Mass. Gen. Laws ch. 276, § 20A (fugitive from justice on court warrant), and charged in the Uxbridge District Court in Uxbridge, Massachusetts.  Akeley was also charged with Assault and Battery with a Dangerous Weapon, and Disorderly Conduct.[3]

Akeley states that he was previously incarcerated in the State of Ohio in 2006, and was released from custody in January 2007.  At the time of release, Akeley contends that there was no detainer against him, nor was the State of Ohio "demanding" him (to answer criminal charges).  Thereafter, in 2009, Akeley was incarcerated at the Worcester County House of Correction for 19 days, and later was released on six months probation.  At that time of release, the State of Ohio never demanded him.  On August 12, 2010, he was arrested as being a fugitive from the State of Ohio.  He contends that the failure of the State of Ohio to make a demand to answer criminal charges violated his right to speedy trial and other constitutional rights under the Interstate Agreement on Detainers.  He asserts that the State of Ohio therefore has forfeited the right to have him extradited to answer criminal charges against him, and contends that the Commonwealth of Massachusetts must hold an evidentiary hearing so that he may argue against extradition.  He also asserts ineffective assistance of his court-appointed state defense counsel. Akeley states that he filed a substantively identical petition in the Uxbridge District Court in

---

not decide whether this action falls within the purview of § 2241 or under § 2254, for the reasons stated herein.

[3]The Notice of Assignment of Counsel from the Uxbridge District Court indicates that the next pretrial hearing was set for September 14, 2010.  Bradley W. Phipps, Esq. was appointed as counsel for Akeley.  *See* Exhibit (Docket No. 1 at 4).

connection with his criminal case.

In addition to filing this case as: (1) a habeas petition; and (2) a new civil action, Akeley also seeks to remove his state criminal case to federal court in this action. He indicates he seeks *in forma pauperis* status, but failed to submit a financial affidavit and his prison account statement in accordance with 28 U.S.C. § 1915.

Thereafter, on September 27, 2010, Akeley filed a Motion for Leave to Proceed in forma pauperis (Docket No. 4), along with an uncertified Resident Account Summary dated September 21, 2010, reflecting a security deposit hold of $67.29 as of August 17, 2010, and a $0.00 balance in his account.

## II.    Discussion

### A.    The Request for Leave to Proceed *In Forma Pauperis*

Akeley seeks to proceed with this case without payment of the Court's filing fees. As a threshold matter, Akeley's pleadings are problematic as they relate to the determination of the proper filing fee owed to this Court, particularly where Akeley has attempted to file this action as a habeas petition, a new non-habeas civil action, and a removal action.

The filing fee for habeas cases is $5.00 (which may be waived in its entirety if Akeley is indigent), whereas the filing fee for non-habeas civil actions is $350.00, as is the filing fee for removal actions. Because Akeley is a "prisoner" as defined by 28 U.S.C. § 1915(h), the $350.00 fee in these non-habeas actions may not be waived in its entirety, but the filing fee must be paid in installments pursuant to the Prison Litigation Reform Act, and in accordance with the mathematical formula set forth in 28 U.S.C. § 1915(b). *See* 28 U.S.C. § 1914 (fees); 28 U.S.C. § 1915 (the *in forma pauperis* statute). This Court is prohibited from collecting more than one

filing fee in a case.  Because Akeley has sought to file one action as three different types of actions, the Court is placed in the untenable position of having to determine which filing fee is most applicable given the nature of Akeley's claims.  Here, although Akeley submitted a financial affidavit indicating that he has no income or assets, and although he submitted a Resident Account Summary showing a $0.00 balance in his account, he has not submitted a certified prison account statement as required.  To the extent that Akeley seeks to bring this action as a non-habeas action (removal or new civil action), his request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  Similarly, in habeas actions, the motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."  Rule 3(a)(2) of the Rules Governing Section 2254 cases.

In any event, for the reasons set forth below, this action is subject to dismissal *sua sponte*, and therefore this Court need not resolve the filing fee issues presented at this time. Rather, the Court will direct that this case be assigned to a District Judge, and will recommend to the District Judge to whom this case is assigned that Akeley's request for leave to proceed *in forma pauperis* be DENIED without prejudice.

      B.        Lack of Subject Matter Jurisdiction over Removal

To the extent that Akeley is attempting to remove his criminal case from the Uxbridge

District Court to this federal court, this Court lacks subject matter jurisdiction, and therefore the request for removal must be DENIED.

A party seeking to remove a case to the federal court has the burden of demonstrating the existence of federal jurisdiction.  *See BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997).   Federal removal jurisdiction is strictly construed against the removant.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *see also Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999). Section 1443(1) sets forth the criteria for removing a civil rights action or criminal prosecution from state court to federal court.  The statute provides for removal if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States," 28 U.S.C. § 1443(1).[4]   The Supreme Court has construed this section of the removal statute as applying solely to a petitioner's inability to enforce, in a State court, civil rights specifically stated in terms of race.  *Georgia v. Rachel*, 384 U.S. 780, 792 (1966).   Removal is not appropriate simply because the state has brought criminal charges against the defendant.  *Johnson v. Mississippi*, 421 U.S. 213, 222 (1975).

Here, although Akeley makes a bald assertion of the violation of his equal protection rights in connection with the failure of the State of Ohio to demand his extradition, there are no factual allegations asserted that would support an inference of racial discrimination.  Rather, the only allegations of constitutional violations relate to the failure of the State of Ohio to demand

---

[4]Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *In re Whatley*, 396 F. Supp. 2d 50, 54-55 (D. Mass. 2005) (citing *City of Greenwood, Miss. v. Peacock*. 384 U.S. 808, 815 (1966)).  Thus, it is inapplicable here.

him to answer criminal charges after he was released from that state, and later, the failure of the

State of Ohio to demand his appearance after he was released from the Worcester County House

of Correction.

As an additional matter, this Court cannot infer that Akeley is unable to present his

challenges in the state court case, particularly where he claims that he has filed an identical

petition in the Uxbridge District Court, and where it appears from the exhibit that a pretrial

hearing was scheduled for September 14, 2010 (thus creating the inference that there is no undue

or prejudicial delay in the state criminal proceedings warranting federal court intervention).

In light of all this, Akeley has not established his entitlement to removal pursuant to

Section 1443(1).  *See City of Greenwood, Miss. v. Peacock*. 384 U.S. 808, 828 (1966) ("Under

§ 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the

rare situations where it can be clearly predicted ... that those rights will inevitably be denied....").

Accordingly, this Court will recommend to the District Judge to whom this case is

assigned that, to the extent that Akeley seeks to remove his state criminal case to this Court, the

request be <u>DENIED</u> and the state matter <u>REMANDED</u> to the Uxbridge District Court.

C.      <u>Abstention as a Bar to Civil Rights Claims Against Defendants; and
        Lack of Mandamus Jurisdiction</u>

To the extent that Akeley is also seeking to institute a (non-habeas) civil rights action

(under 42 U.S.C. § 1983 against unidentified Defendants), he may not do so in this fashion, and

this Court will recommend to the District Judge to whom this case is assigned that Akeley's civil

claims be <u>DISMISSED</u> without prejudice based on abstention principles.  Akeley's claims,

though not set forth in any coherent fashion in accordance with the pleading requirements of

Rule 8 of the Federal Rules of Civil Procedure, nevertheless can be considered as likely

6

implicating important state interests.  Moreover, Akeley cannot file a civil suit in order to

circumvent the state criminal proceedings involving extradition to the State of Ohio, to obtain

relief he might otherwise not be able to obtain in the course of state criminal proceedings.  See

*Wallace v. Kato*, 549 U.S. 384 (2007) (altering the favorable termination rule of  *Heck v.*

*Humphrey*, 512 U.S. 477, 486-87 (1994) for pretrial detainees; indicating that civil rights claims

are not ripe for review if the claims *may be related to rulings that will likely be made* in the

pending state criminal trial).  The critical issue is whether a ruling in this case would impugn a

future or current criminal conviction.  Here, it is manifest that Akeley seeks a determination that

the State of Ohio's criminal case must be dismissed for speedy trial and other constitutional

violations because of the failure to demand him in accordance with the Interstate Agreement on

Detainers Act.[5]

---

[5]This matter should be resolved on application of principles of abstention rather than strict
application of the Favorable Termination Rule of *Heck*:

> *Heck* does not address the availability of § 1983 absent a state criminal
> conviction.  Although some courts have relied on *Heck* and its logic to dismiss
> such suits, ... the better way to view such suits is not as a *Heck* issue but rather as
> the *Younger* [*v. Harris*, 401 U.S. 37 (1971)] issue raised in *Tower v. Glover* [, 467
> U.S. 914 (1984)] but never authoritatively resolved by the Court.  The Court in
> *Heck* seems to have contemplated the application of abstention principles to
> pre-conviction challenges to aspects of the state criminal process.

Steven H. Steinglass, 2 Section 1983 Litigation in State Courts § 18:18 (Oct. 2009) (footnotes
omitted; brackets added).  In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court
reiterated "the fundamental policy against federal interference with state criminal prosecutions."
*Id.* at 46.  This doctrine of abstention "is based on principles of comity, and unless there are
extraordinary circumstances, it instructs federal courts not to 'interfere with ongoing state-court
litigation.'"  *Rossi v. Gemma*, 489 F.3d 26, 34 (1st Cir. 2007) (quoting *Maymó-Meléndez v.
Álvarez-Ramírez*, 364 F.3d 27, 31 (1st Cir. 2004)).  *Younger* abstention extends to civil cases
where the requested relief would (1) interfere with ongoing state judicial proceedings; (2) that
implicate an important state interest; and (3) that provide an adequate opportunity for the federal
plaintiff to advance his federal claim.  *Id.* at 34-35.  Akeley presents nothing in his pleadings that

Further, this Court has no authority to dismiss pending state criminal charges against Akeley, nor does this Court have mandamus power to order a state court judge to dismiss those criminal charges.  *See Burnett v. Superior Court of Marin County*, 573 F. Supp. 345 (N.D. Cal.1983) (district court lacks jurisdiction to compel state court to perform its alleged duty).

In view of the above, this Court will recommend to the District Judge to whom this case is assigned that this Court abstain from reviewing all of Akeley's civil rights claims, and that these claims be administratively dismissed without prejudice to renew in a separate action after completion of the state criminal proceedings should Akeley receive a favorable termination of those proceedings.[6]

This Court will also recommend that should Akeley seek to reassert any civil rights claims presented here, he must file a separate Complaint clearly identifying the Defendant(s) alleged to have acted wrongfully, and setting forth plausible claim(s) upon which relief may be granted, in accordance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.[7]  He must also pay the $350.00 filing fee or file a renewed application for a waiver of

---

would indicate that any exception to *Younger* abstention would apply.

[6]For purposes of the statute of limitations, any renewed civil action should relate back to this action.  *See* Fed. R. Civ. P. 15(c).

[7]Rule 8(a) requires a plaintiff to include in a complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'"  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (alteration in original)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005).  It must afford the defendant(s) a "[']meaningful opportunity to mount a defense.'"  *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004)(quoting *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)).  *See Redondo-Borges v. U.S. Dept. of Housing and Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005).  "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why."  *Educadores Puertorriqueños en Acción v. Hernández,*

the filing fee along with his <u>certified</u> prison account statement for the <u>six-month period</u>

<u>preceding the filing of any new Complaint</u>.

        D.    <u>Failure to Set Forth Cognizable Habeas Claims</u>

As noted above, Akeley filed the instant action expressly denoting it as a petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2241, and the Clerk's Office opened this case as a §

2254 petition because he is in state custody.  Whether or not Akeley's petition for habeas corpus

falls within the purview of section 2241 or of section 2254, this Court has the authority to

preliminarily screen the petition.  <u>See</u> Rule 1(b) of the Rules Governing Section 2254

proceedings; *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (district court acted

within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under

Section 2254 to § 2241 petition); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795 (E.D. Mich.

2001).

Under Rule 4(b) of the Rules Governing Section 2254 proceedings, the Court is required

to examine a petition, and if it "plainly appears from the face of the motion . . . that the movant is

not entitled to relief in the district court," the Court "shall make an order for its summary

dismissal."  Rule 4(b); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (habeas petition may be

dismissed if it appears to be legally insufficient on its face); *Mahoney v. Vondergritt*, 938 F.2d

1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition).  A petition

---

367 F.3d 61, 68 (1st Cir. 2004).  Although "the requirements of Rule 8(a)(2) are minimal . . .[,] 'minimal requirements are not tantamount to nonexistent requirements.'" *Id.* (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir. 1988)).  As the United States Supreme Court has recently stated, under Rule 8, a plaintiff must plead more than a mere allegation that the defendant has harmed him.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" quoting *Twombly*, 550 U.S. at 555).

for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  *Marmol v. Dubois*, 855 F. Supp. 444, 446 (D. Mass. 1994).

Here, Akeley provides no underlying facts regarding the criminal charges in the State of Ohio, nor does he provide sufficient information as to the proceedings in the Uxbridge District Court.  He simply makes bald assertions of constitutional violations; however, there is nothing within the four-corners of the petition from which this Court could find that Akeley's present detention is in violation of federal or constitutional law.  This is particularly true where Akeley has failed to exhaust his state court remedies, and where he has filed the identical petition in the state court.

Accordingly, this Court will recommend to the District Judge to whom this case is assigned that, to the extent Akeley asserts any habeas claims, such claims be <u>DISMISSED</u> without prejudice.

### III.   Order for Reassignment and Recommendations to District Judge

Based on the foregoing, it is hereby Ordered that this action be reassigned to a District Judge for further proceedings.

Further, this Court <u>RECOMMENDS</u> to the District Judge to whom this case is assigned that and Order issue as follows:

1.   Petitioner/Plaintiff Akeley's Motion for Leave to Proceed in forma pauperis (Docket No. 4) is <u>DENIED</u>;

2.   To the extent that Petitioner/Plaintiff Akeley seeks to remove his state criminal case to this Court, the request is <u>DENIED</u> and his state criminal case is <u>REMANDED</u> to the Uxbridge District Court;

3.   To the extent that Petitioner/Plaintiff Akeley seeks to institute a new civil action, the Court will abstain from review of such claims and his claims are <u>ADMINISTRATIVELY</u>

<u>DISMISSED</u> without prejudice to renew in a separate civil action upon the filing of a Complaint in accordance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and upon payment of the civil action filing fee, or an application to proceed *in forma pauperis* accompanied by his certified prison account statement for the six-month period preceding the filing of any new Complaint.

## IV.     Objections to the Report and Recommendation

Akeley is hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objection(s) must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Akeley is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U..S. 140 (1985).


SO ORDERED.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
UNITED STATES MAGISTRATE JUDGE

DATED: September 30, 2010